UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHERBERT M. FORTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-315 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Sherbert M. Fortson, a *pro se* prisoner, filed a habeas corpus petition attempting to obtain his immediate release from prison for a parole violation. He argues that it was wrong for the Indiana Parole Board to have waited three years after he violated his parole to revoke his parole and send him back to prison. He also argues that the Parole Board was wrong to have subsequently denied him release on parole.

However, before I can consider a habeas corpus petition from a person in State custody, the petitioner must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d

740, 743 (Ind. Ct. App. 2008) and *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Fortson says that he has not presented either of his claims to any State court in any proceeding. Therefore he has not exhausted his State court remedies, and I must dismiss this case without prejudice so that he can exhaust these claims in the State courts. If, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to this court and file a new habeas corpus petition.

For the foregoing reasons, this federal habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED**.

ENTERED: May 6, 2013.                    s/ Philip P. Simon
                                          PHILIP P. SIMON, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT